IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAUL B. ROSENTHAL, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 2:23-cv-05003-GJP ) |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | ) ) ) |
| *Defendant*. | ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant The Trustees of the University of Pennsylvania ("University"), by and through its undersigned counsel, Stevens & Lee P.C., hereby respond to the Complaint of Plaintiff Saul B. Rosenthal with this Answer and Affirmative Defenses, according to the numbered paragraphs herein, as follows.

**INTRODUCTION**

1. The University admits that Plaintiff is an alumnus of, and donor to, the University as alleged in Paragraph 1 of the Complaint. The University denies the remaining allegations contained in said paragraph.

2. The University denies the allegations contained in Paragraph 2 of the Complaint.

**PARTIES**

3. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, and leaves Plaintiff to his proofs.

4. The University admits the allegations contained in Paragraph 4 of the Complaint.

1

## JURISDICTION AND VENUE

5. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, and leaves Plaintiff to his proofs.

6. The University admits the allegations contained in Paragraph 6 of the Complaint.

7. The University admits that the amount in controversy exceeds $75,000 as alleged in Paragraph 7 of the Complaint. The University denies the remaining allegations contained in said paragraph.

8. The University states that the allegations contained in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, the University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and leaves Plaintiff to his proofs.

9. The University admits that it resides in this District and in the Commonwealth of Pennsylvania as alleged in Paragraph 9 of the Complaint. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph, and leaves Plaintiff to his proofs.

## FACTUAL BACKGROUND

10. The University states that the document referenced in Paragraph 10 of the Complaint speaks for itself, and refers the Court to said document. The University states further that the allegations contained in said paragraph are legal conclusions to which no response is required, and the University denies the allegations contained in said paragraph to the extent that they characterize the document.

11. The University states that the document referenced in Paragraph 11 of the Complaint speaks for itself, and refers the Court to said document. The University states further that the allegations contained in said paragraph are legal conclusions to which no response is required, and the University denies the allegations contained in said paragraph to the extent that they characterize the document.

12. The University denies that Plaintiff's donations under the Scholarship Agreements ultimately totaled over $168,000 in cash and marketable securities as alleged in Paragraph 12 of the Complaint. The University admits the remaining allegations contained in Paragraph 12 of the Complaint.

13. The University states that the documents referenced in Paragraph 13 of the Complaint speak for themselves, and refers the Court to said documents. The University denies the allegations contained in said paragraph to the extent that they characterize the documents.

14. The University denies the allegations contained in Paragraph 14 of the Complaint.

15. The University states that the documents referenced in Paragraph 15 of the Complaint speak for themselves, and refers the Court to said documents. The University states further that the allegations contained in said paragraph are legal conclusions to which no response is required, and the University denies the allegations contained in said paragraph to the extent that they characterize the document.

16. The University denies the allegations contained in Paragraph 16 of the Complaint.

17. The University admits that it does not offer a Minor in Entrepreneurship and Innovation as alleged in Paragraph 17 of the Complaint, and states further that the student referenced in said paragraph obtained a specialization in Entrepreneurship and Innovation. The University denies the remaining allegations contained in said paragraph.

18. The University admits that there existed other Wharton students at the time the scholarship was awarded to its recipients who were pursuing a specialization in Entrepreneurship and Innovation or a concentration in Finance and needed financial aid as alleged in Paragraph 18 of the Complaint. The University denies the remaining allegations contained in said paragraph.

19. The University denies the allegations contained in Paragraph 19 of the Complaint.

20. The University denies the allegations contained in Paragraph 20 of the Complaint.

## COUNT I – BREACH OF CONTRACT

21. The University states that the documents referenced in Paragraph 21 of the Complaint speak for themselves, and refers the Court to said documents. The University states further that the allegations contained in said paragraph are legal conclusions to which no response is required. To the extent a further response is required, the University admits the allegations contained in Paragraph 21 of the Complaint.

22. The University states that the documents referenced in Paragraph 22 of the Complaint speak for themselves, and refers the Court to said documents. The University states further that the allegations contained in said paragraph are legal conclusions to which no response is required, and the University denies the allegations contained in said paragraph to the extent that they characterize the document.

23. The University states that the allegations contained in Paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent a further response is required, the University states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and leaves Plaintiff to his proofs.

24. The University denies the allegations contained in Paragraph 24 of the Complaint.

25. The University denies the allegations contained in Paragraph 25 of the Complaint.

26. The University states that the allegations contained in Paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, the University denies the allegations contained in said paragraph.

27. The University denies the allegations contained in Paragraph 27 of the Complaint.

28. The University denies the allegations contained in Paragraph 28 of the Complaint.

29. The University states that the allegations contained in Paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, the University denies the allegations contained in said paragraph.

30. The University denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains Plaintiff's jury demand to which no response is required. To the extent that a further response is required, the University states that it does not consent to a trial by jury in connection with any issue not so triable.

The unnumbered paragraph following Paragraph 31 purports to state a Prayer for Relief and, accordingly, contains legal conclusions to which no answer is required. To the extent that the Prayer for Relief contains factual averments, they are denied. To the extent that a response to the Prayer for Relief is nonetheless deemed required, the University expressly denies that they are legally liable to Plaintiff.

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint, the University sets forth the following affirmative defenses:

1. Plaintiff's Complaint, and each and every cause of action therein, fails to state a claim against the University upon which relief may be granted.

5

2. Plaintiff's claims are barred by reason of the applicable statute of limitations.

3. Plaintiff's claims are barred as Plaintiff has suffered no harm on account of the University's conduct.

4. Plaintiff's claims are barred because at all times the University acted in accord with the contracts at issue in this lawsuit.

5. Plaintiff' claims are barred because the University has satisfied its contractual obligations to Plaintiff.

6. Plaintiff's claims are barred because at all times the University acted reasonably and in good faith in connection with its interactions with Plaintiff.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

11. Plaintiff's claims are barred because they are frivolous and because Plaintiff has knowledge that they are without merit.

12. To the extent Plaintiff allegedly suffered damages arising out of the University's conduct, which is denied, Plaintiff's damages must be eliminated or reduced because of his failure to mitigate damages.

13. The University reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, Defendant The Trustees of the University of Pennsylvania request that this Court enter judgment in favor of the University and against Plaintiff Saul B. Rosenthal, dismiss Plaintiff's Complaint in its entirety, and award the University all costs and expenses incurred in defending this action, including attorneys' fees, and such other relief as the Court deems just and proper.

Dated: June 27, 2024

/s/ Bradley L. Mitchell
_____
Bradley L. Mitchell (*pro hac vice*)
**STEVENS & LEE, P.C.**
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
(609) 243-9111
bradley.mitchell@stevenslee.com

Jennifer Nevins (P.A. 200353)
Joseph E. Wolfson (P.A. 44431)
Paige Hogan (P.A. 331749)
**STEVENS & LEE, P.C.**
1500 Market Street
East Tower, Suite 1800
Philadelphia, PA 19102
(215) 575-0100
jennifer.nevins@stevenslee.com
joseph.wolfson@stevenslee.com
paige.hogan@stevenslee.com

*Attorneys for Defendant The Trustees of the University of Pennsylvania*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2024, a true and accurate copy of the foregoing document was served upon all parties of record via the Court's CM/ECF system.

/s/ Bradley L. Mitchell
Bradley L. Mitchell